UNITED STATES of America,
Plaintiff,

v.

INTERNATIONAL BUSINESS MA-
CHINES CORPORATION,
Defendant.

No. 69 Civ. 200 (DNE).

United States District Court,
S. D. New York.

Aug. 5, 1975.

Debevoise, Plimpton, Lyons & Gates, New York City, for First National Bank of Chicago.

Antitrust Division, U. S. Dept. of Justice, Washington, D. C., for plaintiff.

Cravath, Swaine & Moore, New York City, for defendant.

## MEMORANDUM

EDELSTEIN, Chief Judge:

On August 4, 1975 the First National Bank of Chicago (hereinafter FNBC), by its attorneys, submitted to this court for filing a document captioned "Application for an Order Pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure, Relating to a Certain Subpoena Duces. Tecum." The document, therefore, purports to be a motion within the meaning of Fed.R.Civ.P. 7. Accordingly, the requirements of various Federal and Local Rules relating to the composition, service and submission of motion papers become applicable. Since the instant submission contravenes those requirements, it will not be filed; instead, it will be returned to counsel. In so doing, the court has felt impelled to file the instant memorandum—itself an intrusion into the limited resources of the court—in an effort to preclude further failures to comply with the governing rules without having to exercise its authority, explicitly recognized in Local General Rule 9(b), to deem counsel's failure to comply with the appropriate rules sufficient cause for denying their proffered motions.

Without attempting to identify each error committed by the submission of FNBC's application in its present form, suffice it to point out, first, that the document fails even to specify a "return day" despite the Notice published daily by this court in the New York Law Journal which clearly contemplates the selection by the moving party of a return day.[1] Moreover, in complete contravention of Local General Rule 9(b), the application was submitted without any accompanying memorandum setting forth the relevant points and authorities nor even an affidavit attempting to explain and justify the requested order. The submission of papers with such deficiencies thwarts the efficient and just disposition of disputes and disserves the best interest of the court and those parties that appear before it.

It is true that Pretrial Order No. 13, in part, modifies the requirements which may otherwise obtain under the Federal and Local Rules with respect to certain applications. If, in fact, FNBC is attempting to invoke those provisions—and the fact that the court must speculate in this regard underscores the problems caused by this deficient application—it is enough to say that the procedures outlined therein have not been followed.

---

1. "Provided adequate notice is given, all motions before Chief Judge Edelstein, unless brought on by appropriate order to show cause, may be made returnable on any business day at 2:15 P.M. On or after the return day, the court will study the papers and either render its decision thereon or schedule oral argument if that is deemed desirable. Motions must be made in strict compliance with Local General Rule 9. Orders to show cause must be made in strict compliance with Local General Rule 9(c)(4). Opposing affidavits and answering memoranda of law shall be served within the time period provided by the applicable subsection of Local Rule 9.

"All original papers on motions, including proof of service, must be filed in the Clerk's Office. One copy of all papers on motions, applications, etc., must be submitted to Chief Judge Edelstein's Chambers, Room 2104."