UNITED STATES of America, Plaintiff,

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant.

No. 69 Civ. 200 (DNE).

United States District Court, S. D. New York.

Sept. 19, 1975.

U. S. Dept. of Justice, Antitrust Div. by Raymond M. Carlson, Washington, D. C., for plaintiff.

Cravath, Swaine & Moore by Thomas D. Barr, New York City, for defendant.

## MEMORANDUM

EDELSTEIN, Chief Judge.

On August 22, 1975, the United States of America, plaintiff in this antitrust case, filed a Notice of Motion, together with a supporting affidavit and memorandum of law, seeking "an Order pursuant to Rule 45 of the Federal Rules of Civil Procedure authorizing the Clerk to issue a subpoena to the International Business Machines Corporation [defendant in this action] commanding it to produce [certain information] to the Clerk of this Court for marking as exhibits for identification." By the first sentence in the Notice of Motion, the motion was made returnable at 2:15 p. m. on the 2nd day of September, 1975.

As indicated by the Certificate of Service signed by an attorney from the Department of Justice and appended to the motion papers, counsel for defendant was served with copies of the motion papers on or before August 22, 1975.

In response to the motion, on September 2, 1975, the "return day" for the motion, IBM submitted to this court for filing opposing papers. Each document bore, on its back cover, an admission of service by the plaintiff dated September 2, 1975, and a stamp reading "1975 Sep–2 PM 5:25." It is clear, therefore, that plaintiff was not served with defendant's answering papers until the return day for the motion. Indeed, although the validity of this presumption does not affect the disposition of this motion, if one may accurately presume that the time stamp indicates the precise time that plaintiff received the papers, plaintiff in fact was not served until slightly more than three hours after the actual return "time" of the motion.

It cannot be overemphasized that the service and filing of papers supporting and responding to a motion cannot be left to the volition of the individual litigant. Instead, such actions must be controlled by clearly defined rules designed to optimize fairness and efficiency. In recognition of this fact, provisions regulating the service and filing of supporting and opposing papers exist in the Federal Rules of Civil Procedure, the General Rules of the United States District Court for the Southern District of New York, and the statement of this court which appears daily in the New York Law Journal. However, as detailed below, despite the clear language of these readily accessible rules, and notwithstanding repeated admonitions issued by this court as a result of similar transgressions on prior occasions,[1] IBM has once again failed to comply with the requirements of these provisions.

The rules of this court relating to the service of answering papers are set

1. On May 15, 1975, this court filed a memorandum detailing IBM's failures to comply with the various requirements relating to its attempt to file certain motion papers. *United States v. IBM*, 69 Civ. 200, Memorandum (S.D.N.Y., filed May 15, 1975). Those failures included the absence of original signatures on any of the proffered documents and the failure to submit proof of service together with the motion papers as prescribed by the filing requirements of the court as set forth in the *New York Law Journal*. Although the court found that filing defendant's papers, despite their deficiencies, served the public interest because of the existence of certain unusual circumstances, the court stressed the fact that its decision should not be construed as precedent to condone the future filing of improper papers.

Notwithstanding the court's cautionary remark, less than one week following the entry of the May 15, 1975 Memorandum the court was again confronted with a clearly deficient submission by defendant. Not only had defendant failed once more to submit proof of due service of its motion papers on plaintiff, but it also failed to submit a statement as required by Local General Rule 9(g) for motions of the type defendant was attempting to make. Noting that "it [would] not further devote any of its limited time and resources to the consideration of papers which do not comply with [the] requirements [of the appropriate rules]," the court refused to file defendant's papers and returned them to counsel for IBM. The court did, however, permit defendant subsequently to cure the defects. *United States v. IBM*, 69 Civ. 200, Memorandum at 2 (S.D.N.Y., filed May 21, 1975).

*See also, United States v. IBM*, 67 F.R.D. 618, Memorandum (S.D.N.Y.1975) wherein the court refused to file a motion by the First National Bank of Chicago which completely contravened the appropriate rules relating to composition, submission and service of motion papers. The court stated that it

> felt impelled to file [its] memorandum . . . in an effort to preclude further failures to comply with the governing rules without having to exercise its authority, explicitly recognized in Local General Rule 9(b), to deem counsel's failure to comply with the appropriate rules sufficient cause for denying their proffered motions.

*Id.* at 619. While this memorandum did not directly concern IBM, it is reasonable to believe that IBM was aware of its existence. Accordingly, defendant should have been reminded of the need to comply with all appropriate rules.

forth in subsections (1) and (2) of Local General Rule 9(c). Insofar as the motion to which defendant was responding was predicated upon Fed.R.Civ.P. 45, the second subsection of the Local Rule controls. In relevant part, it provides that

. . . opposing affidavits and answering memoranda shall be served at least three (3) days before the return day.

As indicated by plaintiff's admission of service, defendant's answering papers were not served on plaintiff until the return day for the motion. In so doing, IBM has ignored the express requirements of the Local Rule.

██ With respect to the filing of answering papers with the court, a similarly explicit rule applies. Under subdivision (d) of Rule 5 of the Federal Rules of Civil Procedure,

all papers after the complaint required to be served upon a party shall be filed with the court either before service or within a reasonable time thereafter.

Since this court believes that the rule contemplates conformance with existing requirements as to service, and that, accordingly, the reasonableness of post-service filing must be measured by reference to the return day and the last day for *proper* service, IBM's attempt to file its papers on the return day of the motion must be adjudged clearly unreasonable and, therefore, a failure to comply with Rule 5(d).

█ In light of these failures, as well as defendant's earlier disregard of the procedures of this court, the court is constrained to reject defendant's papers.

Less than this would disserve the court's responsibility to protect the integrity of its procedures and would condone a practice that the court has repeatedly disapproved. Indeed, although the court has thus far chosen not to rely upon this alternative method for treating improprieties in the service or filing of papers, the local rules sanction a response by this court more severe than the mere rejection of deficient papers.[2] Under Local General Rule 9(b), relating to the composition of supporting and answering papers to a motion, the court is authorized to treat a deficient submission as

. . . sufficient cause for the
. . . granting of the motion by default as the case may be.

While a similar sanction is not specifically set forth in subsection (c) of that Rule, it cannot be doubted that deficiencies in the service, or filing, of papers prejudice the fair and efficient administration of justice as greatly as do deficiencies in the composition of those papers. Accordingly, this court would be justified in applying the remedy for deficiencies specifically authorized by Rule 9(b) to violations of the following subsections as well.

Having elected to reject defendant's papers, in lieu of applying the sanction referred to in Local General Rule 9(b) and summarily granting plaintiff's motion, the court is now confronted with a motion, the return day for which has passed, to which no cognizable objection has been interposed. After an examination of the order plaintiff seeks and the grounds asserted in support thereof, the court has determined that the following order should be entered.[3]

---

**2.** This alternative basis for responding to deficient submissions was earlier recognized by this court in its memorandum filed August 5, 1975 in this case. See n. 1 *supra.*

**3.** No opinion is expressed regarding whether this court would order the translation of data which is not presently in machine-read-

able form into machine-readable form. Plaintiff has neither clearly moved the court to grant such an order nor made a showing that data which has been demanded and is not in machine-readable form is not presently "reasonably usable," Fed.R.Civ.P. 34(a), either because of the data's current form or because of surrounding circumstances.

Within a reasonable amount of time following the entry of this order and pursuant to schedules determined by negotiation between the parties, the defendant shall make available to the plaintiff for inspection and copying all data sought in paragraphs numbered one through four of plaintiff's Notice of Motion, excluding that which is sought in subsection "(e)" of paragraph one, which is in the possession, custody or control of defendant. Such data should be made available in "machine-readable form" as defined in the Notice of Motion to the extent such data presently exists in the possession, custody or control of defendant in such form. Where data sought by plaintiff in paragraphs one through four of its Notice of Motion excluding subsection "(e)" of paragraph one, is maintained by defendant in some form other than "machine-readable" as defined in the Notice of Motion, such form shall be made known to plaintiff, whereupon plaintiff may require defendant to make available to plaintiff for inspection and copying such data in the form in which it presently exists in defendant's possession, custody or control.

■ Subsection "(e)" of paragraph one of plaintiff's Notice of Motion refers to certain "[s]egments of the 'General Ledger'." It is unclear from plaintiff's memorandum and accompanying affidavit *which* segments of *which* ledger are sought.[4] Because the requested data is not reasonably identifiable, the court will not order defendant to comply with plaintiff's demand. Plaintiff may, at a subsequent time, attempt to obtain the data sought in subsection "(e)" upon an appropriate showing.

■ In disposing of this motion, the court has considered the fact that plaintiff has attempted to invoke a procedure which, although furthering the goals of the Federal Rules in this instance, is not explicitly authorized by those rules, a fact plaintiff recognizes. *See* Memorandum in Support of Plaintiff's Motion for an Order Authorizing the Clerk to Issue a Subpoena to IBM Commanding it to Produce Certain Tangible Things at 2–3. Essentially, in lieu of serving IBM with a subpoena and awaiting IBM's decision either (a) to serve objections upon plaintiff pursuant to Rule 45(d)(1), in response to which plaintiff must move this court for compliance, or (b), move this court to quash or modify the subpoena or for a protective order, plaintiff has attempted to adjudicate the enforceability of its subpoena prior to service of the subpoena upon IBM.[5] Pointing out that the trial of this case is scheduled to resume in the very near future, plaintiff has attempted to invoke this procedure as an effort to expedite the resolution of any controversy arising out of its demand in a manner consistent with the purposes of the Federal Rules.

Although the court is aware of the burden imposed upon it by accepting the filing of the motion at this time, in light of two compelling circumstances the court has concluded that the procedure here invoked is, in this instance, desirable. First, the approaching resumption

---

4. Section four of the McAdams affidavit in support of the motion is entitled "General Ledgers" and refers to an IBM "corporate general ledger" and individual "divisional general ledgers." There is nothing in the affidavit to clarify which general ledger is the subject of plaintiff's demand. Indeed, although McAdams subsequently refers to "data from the divisional general ledgers," Affidavit of Alan K. McAdams at 5, the requested order in plaintiff's Notice of Motion refers to "segments of the 'General Ledger.' "

5. It is clear from plaintiff's supporting papers that plaintiff, by its motion, seeks in fact to prompt an adjudication of the enforceability of the subpoena referred to in its Notice of Motion. See Memorandum in Support of Plaintiff's Motion for an Order Authorizing the Clerk to Issue a Subpoena to IBM Commanding it to Produce Certain Tangible Things at 2–3 (filed August 22, 1975).

of the trial argues forcefully in favor of the early resolution of this dispute. Second, plaintiff has represented that defendant has had a substantially identical version of the motion in its possession for over six weeks prior to the filing of the motion and that during such time the parties have unsuccessfully attempted to reach a resolution regarding the subject matter involved.[6] This representation permits the reasonable inference that regardless of the procedure initially selected by plaintiff, this court inevitably would be called upon to adjudicate the enforceability of the subpoena. It is additionally noted that IBM's failure to file a cognizable objection plausibly suggests that IBM itself is not offended by plaintiff's election to expedite the resolution of the document demand in the manner it has chosen.

So ordered.

---

**6.** See Letter from Thomas E. Kauper by Raymond M. Carlson to Chief Judge David N. Edelstein, August 22, 1975, filed in this case on September 19, 1975.